J-S13011-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LYNCH | : | |
| | : | |
| Appellant | : | No. 1097 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000182-2017,
CP-51-CR-0000611-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN LYNCH | : | |
| | : | |
| Appellant | : | No. 1098 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 18, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000182-2017,
CP-51-CR-0000611-2017

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED MAY 25, 2021**

Appellant, John Lynch, appeals from the judgment of sentence entered

on January 28, 2018, as made final by the denial of Appellant's post-sentence

motion on May 25, 2018.  We affirm.

The trial court ably summarized the underlying facts of this case:

---

[*] Retired Senior Judge assigned to the Superior Court.

The charges docketed under CP-51-CR-0000182-2017, stemmed from reports that [Appellant] had continually harassed, threatened and subsequently physically attacked his neighbor, the complainant, Franklin Hay, with a harmful chemical spray in his face. Appellant had lived in an apartment unit directly below Mr. Hay and his family, in a building located [in] Philadelphia, for about a year and a half before the cited incidents had occurred. Mr. Hay also reported various incidents of harassment by Appellant: Appellant had often screamed various obscenities towards him personally and toward his girlfriend Evelyn Rivera after she rebuffed his unwelcomed advances; Appellant harassed these victims over the phone by repeatedly leaving crude voice mail messages; Appellant served incessant filings of meritless claims in civil proceedings upon both Mr. Hay and Ms. Rivera; Appellant often screamed that Mr. Hay was cheating on Ms. Rivera loudly enough for all their neighbors to hear; and Mr. Hay reported smelling foul odors indicative of Appellant and another male "smoking crack" in Appellant's apartment.

After a period of what had been euphemistically described as a turbulent relationship during the duration of their time as neighbors, matters escalated when Appellant attached wired connecting Halloween decorations to Mr. Hay's balcony in July 2016. Mr. Hay had asked [Appellant] to remove the decorations "five or six times," before complaining to the police department on September 23, 2016. On September 23, 2016, when police had arrived, Appellant had openly threatened Mr. Hay in the presence of the officers, saying that "if he touches my Halloween decorations, I will spray him like a bug and kill him."

Three days later, on September 26, 2016 around 9:00 p.m., Mr. Hay's twelve-year-old daughter was cleaning his apartment windows that led to the balcony. Mr. Hay was outside on the balcony and reached over to remove Appellant's offending Halloween decorations from Mr. Hay's balcony. [Appellant] responded by spraying a large amount of a harsh, burning, caustic chemical, which was later identified to be a form of mace normally employed to blind and disable large animals, up towards Mr. Hay's balcony. The chemical permeated through the open window, causing Mr.

Hay's daughter to cough uncontrollably. Mr. Hay subsequently went downstairs to ask Appellant what he had sprayed; as he approached the outside area near Appellant's ground unit, Appellant lunged at him from behind a hiding place and sprayed Mr. Hay directly into his face, which caused severe burning to his eyes and swollen inflamed redness to his face and neck. Both Mr. Hay and his minor daughter were rushed to a local hospital where they received emergency treatment that included repeated rinsing of the caustic chemicals from their systems. All of Appellant's violent behavior was recorded on video feed from the apartment complex cameras.

The charges docketed under CP-51-CR-0000611-2017 stemmed from Appellant's conduct following Mr. Hay's responsive court appearance and testimony following Appellant's arrest for charges related to that initial chemical spraying attack. Mr. Hay duly appeared pursuant to subpoenas issued by the Commonwealth of Pennsylvania, along with his eyewitness family members, and testified against [Appellant] at a preliminary hearing on November 22, 2016[.] Appellant subsequently threatened Mr. Hay with an illegally possessed firearm on November 28, 2016 and barricaded himself in his apartment.

Specifically, Mr. Hay reported that on November 28, 2016 around 4:00 p.m., he had arrived home to his apartment after picking his daughter up from school and saw that trash had been dumped all over his property. As Mr. Hay was cleaning up the trash that Appellant had admittedly dumped on his lawn, Appellant angrily confronted him, and the two exchanged heated words. As part of his effort to avoid further confrontation, Mr. Hay retreated toward the inside of his apartment. As he retreated, Mr. Hay looked out the window and saw [Appellant] sitting in a chair with a gun in his hands. Appellant looked directly at Mr. Hay and stated, "Ha ha . . . I didn't get you last time. This time I'll kill you." Mr. Hay immediately called 911 to seek help.

Uniformed Philadelphia police officers responded to the premises and told Mr. Hay's fiancé and daughter to get in their car and drive away from the area while they escorted Mr. Hay into another marked police vehicle to obtain his information. Multiple uniformed police officers knocked

- 3 -

repeatedly on [Appellant's] front door. Appellant refused to respond, exit or even acknowledge law enforcement's presence. Rather he barricaded himself inside his apartment and continually ignored direct commands emanating from law enforcement loudspeakers and blow horns.

Given the increased potential danger to the entire neighborhood including the strip mall of stores located directly across the street, supervising Sergeant William McNamee deemed the situation as a barricade, and notified SWAT enforcement. Additional law enforcement and fire department inkling paramedics, and a police helicopter arrived on scene to assist evacuation and lock down or shelter in place measures. Law enforcement officials continued to knock on Appellant's door using a baton. Appellant at one point called the private telephone number for the Northeast Detective Division located at Harbison & Levick Street, which was a good twenty minutes away, raving and demanding contact with his mother. Finally, around 7:30 p.m., the SWAT team forcibly entered Appellant's apartment and escorted him from the premises.

Trial Court Opinion, 11/4/20, at 2-4 (citations omitted).

A jury found Appellant guilty of two counts of simple assault, one count of retaliation against a witness, and one count of terroristic threats.[1] On January 18, 2018, the trial court sentenced Appellant to serve an aggregate term of eight to 16 years in prison for his convictions. *See* N.T. Sentencing, 1/18/18, at 32-34. Following the denial of Appellant's post-sentence motion and the reinstatement of Appellant's direct appeal rights *nunc pro tunc*, Appellant filed a timely notice of appeal. Appellant raises the following claims to this Court:

---

[1] 18 Pa.C.S.A. §§ 2701(a), 4953(a), and 2706(a)(1), respectively.

      1. Did the trial court err, abuse its discretion, and/or make a mistake of law when it entered the guilty verdict, the sentencing order, and denying the post-sentence order, due to insufficient evidence to find guilt and the jury's verdict going against the weight of the evidence?

      2. The trial court made a mistake of law and/or abused its discretion by denying [Appellant's] motion for a mistrial.

Appellant's Brief at 2 (some capitalization omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, the notes of testimony, and the opinion of the able trial court judge, the Honorable Anne Marie B. Coyle. We conclude that Appellant is not entitled to relief in this case, for the reasons expressed in Judge Coyle's November 4, 2020 opinion. Therefore, we affirm on the basis of Judge Coyle's thorough opinion and adopt it as our own. In any future filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Coyle's November 4, 2020 opinion.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2021